AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>MAURO RIGOBERTO HERNANDEZ-BATZ<br><br>Defendant(s) | Case No.  5:25-MJ- 64 (ML) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 10, 2025 in the county of Oswego in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| **Title 8, United States Code, Section 1326(a)** | **Reentry of deported alien** |

This criminal complaint is based on these facts:
**See Attached Affidavit**

☒   Continued on the attached sheet.

_____
*Complainant's signature*

**Foster Rubinstein, Border Patrol Agent**
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: **March 11, 2025**

_____
*Judge's signature*

City and State:   **Binghamton, NY**

**Hon. Miroslav Lovric, U.S. Magistrate Judge**
_____
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Foster Rubinstein being duly sworn, depose and state the following:

I am a U.S. Border Patrol Agent assigned to the United States Border Patrol, Buffalo Sector, which is part of the Bureau of Customs and Border Protection. My current duty station is the U.S. Border Patrol Oswego Station, located in Oswego, New York. I have been a U.S. Border Patrol Agent for approximately 1.5 years. One of the U.S Border Patrol's primary missions is to apprehend undocumented foreign nationals. My authority to perform this mission is articulated in sections 287 and 235 of the Immigration and Nationality Act. This body of law relates to, among other things, the arresting of previously deported aliens who subsequently reenter the United States. I make this affidavit in support of the complaint for a violation of Title 8, United States Code, Section 1326(a) against HERNANDEZ-Batz, Mauro Rigoberto.

This affidavit is based upon my review of immigration data base checks conducted on HERNANDEZ-Batz and interviews of law enforcement personnel involved in his arrest.

1. On March 10, 2025, at approximately 4:25 p.m., Deputy Taylor with the Oswego County Sheriff's Office (OCSO) called for assistance via county radio from the United States Border Patrol for identification of an individual on a stopped vehicle, on Brackett Road in Hannibal, New York. OCSO Deputy Taylor was presented with a New York State Driver's License (ID# 536 252 111) by the driver of the vehicle.

2. Acting Supervisory Border Patrol Agent Orlando Rivera, arrived on scene at approximately 4:30 p.m. Acting SBPA Rivera identified himself to the driver as a United States Border Patrol agent and questioned him as to his status in the United States. Mauro Rigoberto HERNANDEZ-Batz (DOB: 07/18/1987, COC: Guatemala) admitted to being in the United States illegally and not having any immigration documents allowing him to be in the country legally. At approximately 4:45 p.m., Acting SBPA Rivera arrested and transported HERNANDEZ to the Oswego Border Patrol station for further investigation and processing.

3. HERNANDEZ was apprehended under Homeland Security Investigations Operation

Safeguard 2025. HERNANDEZ was interviewed at the Oswego Border Patrol Station by IRS and Border Patrol Intel. HERNANDEZ understood his rights and was willing to answer further questions without a lawyer present.

4. Upon arrival at the Oswego Border Station, HERNANDEZ-Batz, Mauro Rigoberto was fingerprinted, and record checks were conducted through e3/IDENT/NGI with positive results. Buffalo Sector Communications completed criminal, and immigration checks while agents were on scene at 3:58 p.m. Records checks revealed that HERNANDEZ-Batz was previously removed from the United States from New Orleans, Louisiana, on or about February 26, 2009, pursuant to a final order of exclusion/deportation/removal issued on or about April 9, 2008.

5. I have further determined that the defendant has never applied for or received permission to reenter the United States from the Attorney General or the Secretary of the Department of Homeland Security, after his removal on February 26, 2009.

6. Based on the records of the Department of Homeland Security, as well as the defendant's presence in Oswego on March 10, 2025, there is probable cause to conclude that the defendant illegally reentered the United States subsequent to his removal on February 26, 2009, without the express permission of the Attorney General or Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

ATTESTED TO BY THE AFFIANT IN ACCORDANCE WITH RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Foster Rubinstein*
Foster Rubinstein
Border Patrol Agent

I, the Honorable Miroslav Lovric, United States Magistrate Judge, acknowledge that this affidavit was attested to by the affiant by telephone on March ___11___, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Miroslav Lovric*
Hon. Miroslav Lovric
United States Magistrate Judge